UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PETROLEUM ANALYZER COMPANY, L.P., <br><br> Plaintiff, <br><br> v. <br><br> FRANEK OLSTOWSKI AND ATOM INSTRUMENT CORPORATION, <br><br> Defendants/Cross-Plaintiffs, <br><br> v. <br><br> ROBERT STROZIER, <br><br> Cross-Defendant. | § § § § § § § § § § § § § § § § § § § <br> CIVIL ACTION NO. 4:08-cv-0733 |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Remand and for Sanctions. For the following reasons, Defendants' Motion is **GRANTED IN PART**. This case is **REMANDED** to the state court. Defendants' request for sanctions is **DENIED**. Defendants' request for costs and attorneys' fees is **GRANTED**. Defendants shall provide documentation of their costs and attorneys' fees to this Court.

### I. BACKGROUND

This lawsuit arises from an ownership dispute as to certain patents and other intellectual property, and a dispute as to Defendant Olstowski's alleged rights to control certain technology he designed while employed as a consultant by Plaintiff.[1] Plaintiff Petroleum Analyzer Company (PAC) contends that Defendant Olstowski breached his

---

[1] The dispute appears to center primarily upon "excimer lamp technology."

1

consultant and non-disclosure agreement by applying for patents for this technology and sharing and attempting to sell the technology to Plaintiff's competitors and customers.

On August 25, 2006, Plaintiff filed suit in the 269th District Court of Harris County, Texas against Defendants Olstowski and Atom Instrument Corporation alleging claims for declaratory relief, tortious interference with continuing business relations, conversion of intellectual property, breach of oral contract, attorneys fees, restitution/unjust enrichment, fraudulent inducement, negligent misrepresentation, and requesting a temporary and permanent injunction. Defendant Olstowski counterclaimed for breach of a Non-Disclosure/Non-Use Agreement, breach of a Mutual Nondisclosure Agreement, and breach of the Consultant Agreement. Olstowski also filed suit against Robert Strozier, Plaintiff's patent attorney, and the case was consolidated with the instant lawsuit.[2]

At Defendants' request, the state court compelled the dispute to arbitration in January 2007. After the state court denied a motion to reconsider the order compelling the dispute to arbitration, Plaintiff filed a writ of mandamus against the court. Both the First Court of Appeals and the Texas Supreme Court denied Plaintiff's writ. An arbitration hearing was held in August 2007, and the arbitration panel rendered and signed a unanimous award on October 15, 2007. The panel found, among other things, that Defendant Olstowski was the exclusive and sole owner of all of the technology in dispute, and enjoined Plaintiff from claiming ownership in or using the technology and from interfering with Defendant Olstowski's use and enjoyment of the technology. The panel declared that Plaintiff "has waived any claim of ownership of the eximer technology, if it was ever entitled to same." (Mot. Remand, Ex. A.) The panel awarded Defendant Olstowski fees of $449,150, but also

---

[2] After the pending motion was fully briefed, Cross-Defendant Robert Strozier filed a Consent to Removal. (Doc. No. 21.)

2

awarded restitution and contract damages of $323,993.05 to Plaintiff. The 269th District Court confirmed the arbitration award on November 6, 2007. Plaintiff asserts that the order is interlocutory and not final and notes that Olstowski's claims against Strozier and Plaintiff's claims against Atom are still pending.

Defendant Olstowski alleges that Plaintiff sent letters to the U.S. Patent and Trademark Office in violation of the state court's November Order. Defendant Olstowski additionally maintains that Plaintiff has been using and disclosing Defendant Olstowski's trade secrets and technology in violation of that Order. Defendant Olstowski therefore filed a Motion for Contempt with the 269th District Court on February 6, 2008. The 269th District Court issued a show cause order and conducted a preliminary hearing on the matter on February 19, 2008. On March 6, 2008, before the court had ruled on the motion, Plaintiff filed its notice of removal.

Plaintiff argues that although the case pending before the state court originally involved matters of state law, Defendant Olstowski's Motion for Contempt requires the state court to issue rulings that impinge on and restrain PAC's substantive rights under federal patent law, anti-trust law, and the United States Constitution. Plaintiff believes that it is entitled to remove its own lawsuit to federal court based on the relief sought in the Motion for Contempt. According to Plaintiff, the requests in that Motion are completely preempted by federal patent law.

## II.    ANALYSIS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). The party seeking removal bears the burden of showing that federal

3

jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Any doubts as to the Court's subject matter jurisdiction should be resolved by remanding the case to state court. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Under the well-pleaded complaint rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Bernhard v. Whitney Nat. Bank*, --- F.3d ----, 2008 WL 879038, at *3 (5th Cir. Apr. 2, 2008). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).

Removal jurisdiction can only be conferred on a federal court by a defendant. *See* 28 U.S.C. § 1446(a); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-05 (1941); *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) ("[O]nly a defendant, never a plaintiff, may remove a civil action from state to federal court"); 14C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3731. There is no dispute that Plaintiff filed the instant lawsuit in state court and asserted only state law claims. *See, e.g., Collin County v. Siemens Business Services, Inc.*, 250 Fed. Appx. 45, 49 (5th Cir. 2007) (unpublished) ("[N]ot all patent law questions demand federal jurisdiction—state courts can and do resolve such issues."); *Jim Arnold Corp. v. Hydrotech Systems, Inc.*, 109 F.3d 1567 (Fed. Cir. 1997) ("[T]he question of who owns the patent rights and on what terms typically is a question exclusively for state courts."). Here, Plaintiff is not even a "defendant" by virtue of an actual counterclaim; Plaintiff is only being required to "defend" against allegations made in a Motion for Contempt.[3] Plaintiff is therefore not entitled to remove this lawsuit to federal court.

---

[3] There is nothing in the "other paper" rule that changes the requirement that only a defendant may remove an action from state court. *See, e.g.*, 28 USC 1446(b) (notice of removal "may be filed within thirty days after

4

Even if Defendant's requests in the Motion for Contempt could be construed as counterclaims arising under federal patent law, Plaintiff could not remove the lawsuit to this Court. A Plaintiff required to defend against a counterclaim is not considered a defendant for removal purposes. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830-32 (2002); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106 (1941); 14C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3731 ("The limitations in the statute have been interpreted strictly by the federal courts, who often speak of the right of removal being limited to 'true' defendants. Thus, the plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them."). In *Holmes Group*, the Supreme Court found that an action did not "arise under" federal patent law because the Plaintiff's well-pleaded complaint did not assert a claim arising under patent law, even though Defendant had alleged a counterclaim based on patent law.[4] 535 U.S. at 830 (discussing *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808 (1988)). Although the Court in *Holmes Group* was not addressing a question of removal or complete preemption, its analysis applies to this case by analogy. Just as the Federal Circuit cannot exercise jurisdiction over an appeal if the federal patent law claims are stated only in a Defendant's counterclaim, a party may not remove a lawsuit to federal court based on a federal patent claim asserted in a counterclaim. Even if Defendant's requests for relief fell within an area of law that could be considered completely preempted, this analysis would not

---

receipt *by the defendant*, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" (emphasis added)).

[4] The Court in *Holmes Group* was deciding whether the Federal Circuit had jurisdiction over an appeal based on the defendant's counterclaim. The Federal Circuit has exclusive jurisdiction over "an appeal from a final decision of a district court of the United States . . . if the jurisdiction of that court was based, in whole or in part, on [28 U.S.C. §] 1338," which grants district courts exclusive jurisdiction over civil actions "arising under any Act of Congress relating to patents . . . ." 28 U.S.C. § 1338(a). The Court explained that same well-pleaded complaint rule that governs removal actions governs whether a claim "arises under" the federal patent laws for purposes of Federal Circuit appellate jurisdiction. *Holmes Group*, 486 U.S. at 830.

change.[5] *See, e.g., South Denver Anesthesiologists, PC v. Oblachinski*, No. 06-cv-02425-REB-BNB, 2007 WL 2116366, at *1 (D. Colo. July 19, 2007) (noting that only a defendant may remove an action and declaring: "This same rule applies even if plaintiff is correct that defendant's counterclaim is completely preempted . . . ."); *Cross Country Bank v. McGraw*, 321 F. Supp. 2d 816, 820-21 (S.D. W.Va. 2004) ("Neither the Supreme Court nor any other federal court . . . has expanded the complete preemption doctrine to include claims stated for the first time in a responsive pleading filed by a defendant."); *Monmouth-Ocean Collection Serv., Inc. v. Klor*, 46 F. Supp. 2d 385, 393 (D.N.J.1999) (holding that where a third-party complaint contains a state law claim subject to complete preemption, "the proper procedure . . . would be . . . to move to dismiss in state court."); 14B WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 3722.1 ("The general rule that only defendants may remove . . . remains true for completely preempted claims.").

In conclusion, because PAC is not a Defendant, it may not remove this lawsuit to federal court.

### III. SANCTIONS AND COSTS

The Court will not grant Defendants' request for Rule 11 sanctions. Because Plaintiff lacked an objectively reasonable basis for seeking removal, however, the Court finds that Defendants should recover attorneys' fees and costs incurred as a result of the removal. *See* 28 U.S.C. § 1447(c); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000). Plaintiff has cited no cases that support its theory that a *Plaintiff* may remove a case under the circumstances present in this lawsuit.

### IV. CONCLUSION

---

[5] The Court does not reach the issue of the state court's authority to issue the relief requested in the Motion to Compel.

6

Defendants' Motion to Remand is **GRANTED**. Defendant's request for sanctions is **DENIED**. Defendants' request for costs and attorneys' fees is **GRANTED**. Defendants shall file evidence of costs and fees incurred as a result of the removal with the Court.

**IT IS SO ORDERED.**

SIGNED this 16th day of May, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE