UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PETROLEUM ANALYZER CO., LP | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. 4:08-cv-0733 |
| | § |
| FRANEK OLSTOWSKI ET AL | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND ORDER

This action was removed from state court by Plaintiff Petroleum Analyzer Company, LP. Defendant Franek Olstowski, an individual, who was doing business as Atomic Analytical Consulting Services and Atom Instrument Corporation, sought and obtained an order remanding the case to state court. This Court denied Defendant's request for sanctions, but granted his request for attorneys' fees.

The parties now join issue as to the appropriateness of the fees sought by Defendant. Defendant has sought $24,938 for attorney's fees and a single transcript (which cost $448), plus post-judgment interest. All of the time is that of a single attorney who logged 81.63 hours at an hourly rate of $300. (Defendant has made a $1 error in multiplying the hours by the pertinent rate.)

The applicable twelve-part test to determine attorneys fees is a familiar one and will not be restated here. *See, e.g., Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). The parties' disagreement centers on one issue of fact, and one of law. Plaintiff objects that the hours recorded are disproportionately high relative to the work that was required, and, secondly, that Defendant had a contingency fee agreement, rather than an hourly one, with his attorney.

The second of these two objections is easily disposed of. That a client-lawyer retention calls for a contingency, rather than an hourly, fee does not disqualify the client from obtaining attorney's fees, when otherwise merited, on an hourly scale. How the client and the lawyer allocate the money received is a matter within their province, rather than the Court's. In this instance, the hourly rate of $300 is reasonable for an attorney who, as here, has been practicing for twenty-five years, has a longstanding relationship with the client, and has developed a specialization in the relevant field. Moreover, Defendant asserts, without controversion, that the original retention agreement did call for an hourly rather than contingency fee, and that the relevant hourly fee was $400. According to Defendant, the agreement was changed only because Plaintiff unnecessarily extended the litigation by, among other things, removing the case to this Court.

Plaintiff's primary objection – as to the reasonableness of the hours incurred – is, inherently, less easy to judge. Defendant's counsel notes that he averaged less than seven hours per week on this case during the time it was pending in federal court. Plaintiff argues, on the other hand, that it utilized four attorneys and three legal assistants yet its total fee for the federal case was only $16,140, and that its "fees as it related to the actual work on the Motion to Remand consisted of only $8,212.00." Dkt. No. 25 at 9. The reference to "actual work on the Motion to Remand" is not explained, but apparently excludes time spent on a scheduling order, discovery and case management plan, and other matters typically implicated whenever a federal court has jurisdiction of a civil case. Because none of this would have been necessary in the absence of Plaintiff's unmeritorious removal, the Court concludes that the appropriate metric for determining the fee dispute is all of the time Defendant's counsel had to incur while the case was pending in federal court.

As to that issue, Plaintiff complains that Defendant's counsel charged for going to the courthouse to obtain a transcript when that could have been done more cheaply by mail or a courier. Plaintiff also notes what it claims to be excessive time that Defendant's counsel claims to have spent on incorporating background information from a previous filing in a federal court filing, and reviewing documents with which counsel should have been familiar. Plaintiff further argues that if Defendant really believed the removal was altogether frivolous, then minimal effort should have been required in obtaining an order of remand. The Court does disagree with the last argument. The novelty of removal by a *plaintiff* was such that the Court also had to expend considerable time in determining that there was no new statutory enactment or case law development that allowed it.

On balance, the Court finds and holds that Defendant is at least entitled to attorneys' fees equal to those charged by Plaintiff during the pendency of this case in federal court, plus the cost of the aforementioned transcript. Therefore, Plaintiff shall remit to Defendant $16,588 by August 1, 2008. Post-judgment interest at the prevailing rate will accrue from that date.

**IT IS SO ORDERED.**

SIGNED this 23rd day of July, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT